UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HENRY LEE POUNCY | CIVIL ACTION NO. 19-1606 |
| | SECTION P |
| VS. | |
| | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH CORRECTIONAL CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## **REPORT AND RECOMMENDATION**

Plaintiff Henry Lee Pouncy, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on approximately December 16, 2019, under 42 U.S.C. § 1983. He names the following defendants: Director Wright, Kelli Hayes, and Caddo Parish Correctional Center ("CPCC").[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## **Background**

Plaintiff alleges that, on May 19, 2019, water leaked into his cell, the cell "was mopped but still wet," and he was "told to wait about five minutes then return." [doc. # 1, p. 6]. He later entered the cell, slipped, and fell. *Id.* At the time, he was using a crutch to walk due to an unrelated incident. *Id.* at 7.

The next morning, Plaintiff experienced pain in his lower back, upper back, both wrists, and both arms. *Id.* at 6. He also re-injured his leg. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that he has not received proper medical treatment. *Id.* at 7. He received an x-ray, which was "negative." *Id.* However, he still experiences "very bad" pain in his neck, back, and shoulder. *Id.* at 7-8. He claims that, despite his repeated requests, a physician has not evaluated him and he has not received treatment in an emergency room. *Id.* He is now in a wheelchair, and he has "trouble walking and standing . . . ." *Id.* at 8.

Plaintiff seeks reimbursement for his medical expenses, $120,000.00 for "medical," and $400,000.00 for his pain and suffering. *Id.* at 4.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride*

3

*Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Negligence**

Plaintiff does not appear to seek relief from defendants for his fall on the slippery floor.  To the extent he does, his claim sounds in negligence.

To state a claim under Section 1983, a prisoner must allege a violation of a constitutional right.  Allegations of negligence do not state claims of constitutional dimension.  *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

Here, Plaintiff does not allege any facts indicating that a defendant knew he faced a

substantial risk of serious harm or that a defendant was deliberately indifferent to such a risk. Rather, Plaintiff suggest that defendants should have utilized additional care. Defendants' actions, under Plaintiff's allegations, amount to no more than possible negligent conduct.[3] If Plaintiff seeks to pursue a negligence claim, he should do so in state court. This Court should dismiss Plaintiff's claim.

**3. Medical Care**

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v.*

---

[3] See *Hernandez v. Bexar Cty. Sheriff's Dep't*, 770 F. App'x 703, 704 (5th Cir. 2019) (finding, where the plaintiff "generally asserted that officials negligently maintained the yard by allowing it to become slippery[,]" that the plaintiff "failed to assert that officials knew the recreation yard presented a substantial risk of serious harm and subjectively meant for harm to occur."); *Mack v. Johnson*, 48 F. App'x 105 (5th Cir. 2002) (concluding, where a prisoner slipped and fell in a puddle of water in his cell, that the prisoner alleged, "at most," negligence even though the defendants knew about the leak but failed to repair it).

5

*Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff alleges that, due to his fall on May 19, 2019, he suffered chronic nerve pain and severe pain in his neck, back, shoulder, arms, wrist, and leg. [doc. # 5, p. 4]. He maintains that a member of the medical staff evaluated him on May 22, 2019, and/or on May 23, 2019, that he received Tylenol and Ibuprofen for his pain, and that he was x-rayed. *Id.* The x-ray "was negative." *Id.*

Faulting Kelli Hayes and Director Wright, Plaintiff claims that, following his "emergency sick call slip," he did not receive care at a hospital, he did not receive care from either a physician or a chiropractor, and he did not receive physical therapy. *Id.* at 4-5.

Ultimately, however, Plaintiff fails to plead a plausible claim. As to his claim that he should have received care from a physician or chiropractor rather than from a nurse or other member of the medical staff, Plaintiff is not constitutionally entitled to always see the medical professional of his choice. Prisoners are not entitled to "the best [care] that money could buy . . . ." See *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Saldivar v. Davis*, 698 F. App'x 198,

6

199 (5th Cir. 2017) ("Saldivar's contention that she was denied medical care because she was not seen by the prison doctor, instead of the prison nurse, until 10 days after her fall does not amount to deliberate indifference.").[4]

As to Plaintiff's claim that he did not receive physical therapy or care at a hospital, he simply disagrees with, or is dissatisfied with, the treatment he did receive. See *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no . . . claim just because an inmate believes that medical personnel should have attempted different diagnostic measures or alternative methods of treatment."). Plaintiff does not allege that he was refused care. Moreover, he was not ignored, intentionally treated incorrectly, or exposed to any similar conduct that would clearly evince a wanton disregard for any serious medical needs. His disagreement or dissatisfaction with the care he received falls short of establishing deliberate indifference and does not, consequently, state a plausible claim. See *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992) (finding that an inmate received adequate care, even though the treatment may not have been the best, and that any deficiencies in treatment were minimal; moreover, the plaintiff's continuing pain, in and of itself, did not demonstrate that a constitutional violation occurred).

Finally, Plaintiff claims that the care he received—or lack thereof—amounted to malpractice, suggesting that the individuals who treated him were negligent. [doc. # 5, p. 5]. To reiterate, however, "mere negligence will not suffice to support a claim of deliberate

---

[4] See also *Davis v. Mississippi Dep't of Corr.*, 134 F. App'x 760 (5th Cir. 2005) (opining that "complaints about . . . the lack of further opinions from specialists do not rise to the level of deliberate indifference."); *Wilson v. Grimes*, 770 F. App'x 218, 219 (5th Cir. 2019) (finding, where the plaintiff alleged a "delay in providing access to a medical specialist rather than the denial of medical care[,]" that the plaintiff's claim constituted "only a disagreement with his medical treatment."); *Simmons v. Collier*, 783 F. App'x 417, 418 (5th Cir. 2019) ("His allegation that Aleman should have referred him to an ear specialist does not amount to deliberate indifference.").

7

indifference." *Mathis v. Alexander*, 49 F.3d 728 (5th Cir. 1995). If Plaintiff intends to pursue a negligence/malpractice claim, he should do so in state court. See *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . .").

This Court should dismiss these claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Henry Lee Pouncy's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of January, 2020.

_____
Karen L. Hayes
United States Magistrate Judge